IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRANDON ANTHONY KRANKOWSKI,<br><br>    Plaintiff,<br><br>vs.<br><br>BRAIN GOOTKIN, JIM SALMONSEN, PAUL REES, MELISSA SHARF,<br><br>    Defendants. | Cause No. CV 24-18-H-DWM<br><br>ORDER |

On February 16, 2024, pro se Plaintiff Brandon Anthony Krankowski ("Krankowski") filed this action alleging Defendants denied him adequate medical care following surgery which resulted in further injury. (Doc. 2.) Krankowski ultimately filed an Amended Complaint and was granted leave to proceed IFP. (Docs. 5 & 7.) It was determined his allegations were sufficient to require an answer. (Doc. 8.)

Because Krankowski is a prisoner proceeding IFP, his Complaint required a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). This

1

*sua sponte* screening procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that a defendant may later bring. *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007); *see also Lucas v. Jovanovich*, 2016 WL 3267332, at *3 (D. Mont. June 10, 2016).

Defendants filed a motion to dismiss Krankowski's complaint and brief in support. (Docs. 15 & 16.) Krankowski opposes the motion to dismiss, (doc. 18), and seeks leave to file a Second Amended Complaint. (Doc. 17.) Krankowski has not, however, filed a proposed Second Amended Complaint.

**Krankowski's Allegations**

At times pertinent to the claims contained in Krankowski's complaint, he was incarcerated at the Montana State Prison ("MSP"). Krankowski alleges that while housed in the Restrictive Housing Unit at MSP in June of 2023, he filed a grievance to have his right elbow fixed. (Doc. 7 at 5.) He explains he experienced pain from MSP staff handcuffing him behind his back while escorting him from his cell. Krankowski believes he should have been accommodated under the Americans with Disabilities Act ("ADA"), by being handcuffed in the front and that the failure of MSP staff to do so violated his rights under the Eighth Amendment and the ADA. (*Id.*)

Krankowski alleges Director Gootkin is responsible for his needs and medical care and Gootkin's failure to act violated his rights. (*Id.*) Similarly,

Krankowski alleges Warden Salmonsen is responsible for his medical needs and care, and that his failure to address his needs by getting his right elbow surgically reparied and providing accommodations under the ADA by handcuffing him in front, violates his rights under the Eight Amendment and the ADA. (*Id.*) Krankowski alleges Dr. Paul Rees, MSP physician, failed to help with his medical needs or to issue an accommodation for front-side handcuffing, violating the Eighth Amendment and the ADA. (*Id.*) Finally, Krankowski alleges Melissa Scharf, MSP director of nursing, is responsible for his medical care and needs and failed to assist him with the issues surrounding his grievances related to his elbow pain. (*Id.*) Krankowski asserts that by failing to assist with ADA accommodations or helping to have him handcuffed in the front, Scharf violated his rights under the Eight Amendment and the ADA. Although he provides no further explanation, Krankowski also alleges a violation under Article 2, Section 22 of the Montana Constitution. (*Id.* at 3.)

Krankowski explains that his right elbow is still in constant severe pain. He has never received medical treatment and the continued handcuffing him from behind causes and aggravates his severe elbow pain. (*Id.* at 6.) Krankowski does not seek monetary damages, he asks for an injunction to have his right elbow surgically repaired and an order to the defendants to accommodate him under the ADA by handcuffing him in the front and providing rehabilitation for his right

3

elbow. (*Id.*)

### I.   Defendants' Motion to Dismiss

For the reasons explained below, Defendants' motion to dismiss will be Granted in part, however, Krankowski's motion to amend will also be granted.

#### i.   Defendants' Argument

Defendants move to dismiss Krankowski's Amended Complaint alleging he failed to state a claim upon which relief could be granted; they seek dismissal of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 16.)

Defendants, relying upon *Ex parte Young*, 209 U.S. 123, 159-60 (1908), first argue that 42 U.S.C. § 1983 bars claims against state officials for injunctive relief in their individual capacity. (*Id.* at 2-3.) Defendants next argue that any claims based upon the Montana State Constitution should be dismissed because they are not based on a violation of federal law. (*Id.* at 3-4.) Finally, Defendants argue that any claims advanced under the state constitution and the ADA should be dismissed because they fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 8. (*Id.* at 4-6.)

#### ii.   Krankowski's Response

Krankowski filed a response, but did not specifically address legal arguments advanced by the Defendants, instead he seeks leave to amend to fix the deficiencies in a second amended complaint. (Doc. 18 at 1.) He reasserts that the

failure to provide him medical treatment amounts to deliberate indifference. (*Id.*)(*citing Edmo v. Corizon, Inc.*, 953 F. 3d 757 (2019)). Krankowski argues that the specific inquiry as to whether he has advanced an injury should be resolved after discovery and further fact-finding. (*Id.* at 1-2.) He also claims Defendants' motion to dismiss is now moot in light of his own motion to file a second amended complaint. (*Id.* at 2.)

### iii. Relevant Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. *Meek v. County of Riverside*, 183 F. 3d 962, 965 (9th Cir. 1999).

To survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a claim upon

which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Hainers v. Kerner*, 404 U.S. 519, 520 (1972). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F. 2d 266, 268 (9th Cir. 1982).

**iv.   Analysis**

As set forth above, in this action, Krankowski only seeks injunctive relief. The Eleventh Amendment bars suit against a state and/or state agency in federal court absent a valid abrogation of immunity by Congress or an express waiver or immunity by the State. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974). The *Ex parte Young* doctrine, however, provides a narrow exception to Eleventh Amendment immunity for "prospective declaratory or injunctive relief against state officers in their

official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (*citing Ex parte Young*, 209 U.S. 123, 155–56 (1908); *Alden v. Maine*, 527 U.S. 706, 747 (1999)). In the present matter Krankowski is seeking injunctive relief from the State and has named the Defendants, state officials, in their official capacity. Thus, his official capacity claims may proceed at this juncture.

But, as the Defendants point out, "Section 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity." (Doc. 16 at 3)(citing *Munoz v. Superior Ct.*, 91 F. 4ht 977, 980 (9th Cir. 2024)). Because Krankowski seeks only injunctive relief, his individual capacity claims will be dismissed.

To state a plausible claim under the civil rights statute, a plaintiff must allege a violation of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Crumpton v. Gates*, 947 F. 2d 1418 (9th Cir. 1991). By statute, Section 1983 provides a remedy only for violations of federal law. To the extent that Krankowski alleges a violation of Article 2, Section 22 of the Montana Constitution, this reference constitutes at most a violation of federal law. He fails to allege that his federal constitutional rights were violated and, correspondingly, cannot make the first

essential showing of a civil rights claim. Accordingly, his Montana state law constitutional claim will be dismissed.

Krankowski's ADA claim is subject to dismissal. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo County*, 609 F. 3d 1011, 1022 (9th Cir. 2010)(*citing Bryant v. Madigan*, 84 F. 3d 246, 249 (9th Cir. 1996)("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners…The ADA does not create a remedy for medical malpractice.") Accordingly, facts sufficient to state a claim for deliberate indifference to a plaintiff's medical needs are not sufficient to state a claim under the ADA. As a preliminary matter, Krankowski's amended complaint has not shown that he is an individual with a disability. Similarly, he does not allege any facts that, if true, would establish that any defendant discriminated against him on the basis of his disability or excluded him from any benefits, programs, or incentive available at MSP. *See McGary v. City of Portland*, 386 F. 3d 1259, 1265 (9th Cir. 2004). The Court notes in his motion to compel, Krankowski seeks medical records from Defendants to prove "he has a disability under Title 2 of the ADA." *See*, (Doc. 19.) While Krankowski is not entitled to discovery, as explained below, he will be allowed to attempt to amend this claim in his Second Amended complaint.

The Court grants Defendants' motion to dismiss, in part. The individual

8

Case 6:24-cv-00018-DWM   Document 22   Filed 02/28/25   Page 9 of 10

capacity claims against each defendant will be dismissed. Krankowski's state constitutional claim will also be dismissed. Krankowski may proceed, however, on his Eighth Amendment claim and his official capacity claims; he may attempt to amend his ADA claim. Krankowski's motion to amend will also be granted. He may file his second amended complaint within 21 days of this Order.

II.     **Motion to Compel**

Krankowski seeks an order from the Court compelling discovery. (Doc. 19) Specifically he asks that Defendants be directed to produce all medical records from his medical file, and all medical records related to his right elbow, including treatment and injury. (*Id.*)

Pursuant to Local Rule 26.1(d), "[n]o party may begin discovery until a scheduling order has been issued." In the instant matter, no scheduling order has been entered. According to Defendants, Krankowski also failed to confer with them prior to filing his motion to compel. *See*, (Doc. 20 at 2.) For these reasons, the motion to compel will be denied as premature.

Accordingly, IT IS HEREBY ORDERED:

1.      Defendants' Motion to Dismiss (Doc. 15) is GRANTED. The individual capacity claims and the state constitutional claim are dismissed.

2.      Krankowski's Motion for Leave to File a Second Amended Complaint (Doc. 17) is GRANTED. Within 21 days of this Order, Krankowski may file this

9

document.

3.   Krankowski's Motion to Compel (Doc. 19) is DENIED.

<u>Krankowski must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 18th day of February, 2025.

_____
Donald W. Molloy, District Judge
United States District Court